**BISCARDI, Appellee,**

v.

**BISCARDI, Appellant.**

[Cite as *Biscardi v. Biscardi* (1999), 133 Ohio App.3d 288.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 98 C.A. 126.

Decided March 24, 1999.

*Mary Jane Stephens,* for appellee.

*Charles E. Dunlap,* for appellant.

---

Cox, Presiding Judge.

This matter presents a timely appeal from a decision rendered by the Mahoning County Common Pleas Court, Domestic Relations Division, overruling the motion to vacate judgment filed by defendant-appellant, Augustine Paul Biscardi.

On September 14, 1993, appellant filed a complaint for divorce against plaintiff-appellee, Patricia Anne Biscardi. At the time the complaint was filed, appellant was represented by legal counsel; however, by correspondence dated October 11, 1993, appellant advised his legal counsel that counsel's services would no longer be required, as he had decided not to proceed with the termination of his marriage in a contested manner. On December 2, 1993, the trial court filed a judgment entry granting the motion to withdraw filed by appellant's legal counsel.

The parties jointly executed a separation agreement on November 24, 1993, setting forth the terms and conditions to dissolve their marital relationship. A petition for dissolution of marriage was then filed on December 6, 1993, incorporating the separation agreement. At the time the petition was filed, appellee was represented by counsel; however, appellant, having acknowledged his right to obtain his own legal counsel in writing, chose to proceed unrepresented.

Following a final hearing on the parties' petition, the trial court filed its decree of dissolution of marriage on February 10, 1994, incorporating the separation agreement executed by the parties as its order in this case.

On November 7, 1997, appellant filed a motion to vacate a portion of the decree and separation agreement, arguing that the provision regarding spousal support was unconscionable and contrary to law. Various motions and responses were filed by appellee, including a memorandum in opposition to appellant's motion to vacate and a motion to strike. Pursuant to Local Rule 28, the trial court considered the motions and responses without oral argument and filed its judgment entry on June 12, 1998, overruling both appellee's motion to strike and appellant's motion to vacate. It is from this decision that the within appeal emanates.

Appellant's sole assignment of error alleges:

"The trial court erred in not sustaining appellant's motion to vacate the judgment pursuant to Civ.R. 60(b)(5)."

Civ.R. 60(B) provides:

"Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate (1) a meritorious claim or defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC*

*Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. The question of whether relief should be granted is within the sound discretion of the trial court. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567. "Abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

Appellant argues that his motion to vacate was made within a reasonable time, given that spousal support is permanent and that he ultimately retained counsel following the trial court's decree of dissolution. Appellant maintains that the trial court erred in overruling his motion to vacate, as that action constituted an unjust operation of law in light of the inequitable and unequal property distribution. Appellant states that the inequitable and unequal property distribution occurred because he lacked the benefit of legal counsel at the time he executed the separation agreement.

As his first basis for relief from judgment, appellant specifically points to the permanent spousal support that he agreed to pay to appellee, complaining that the trial court's order concerning it was contrary to law. Appellant cites *Koepke v. Koepke* (1983), 12 Ohio App.3d 80, 12 OBR 278, 466 N.E.2d 570, and *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, for the proposition that an award of spousal support should be terminable upon a date certain, especially where both parties have the potential to be self-supporting. Appellant states that as appellee was graduating from college with a degree in economics, she had many marketable skills and the ability to become self-supporting and, therefore, a permanent award of spousal support was not only improper, but unjustified.

Appellant's second basis for relief from judgment is improper calculation of spousal support. Appellant states that he was required to pay appellee fifty percent of his total earned income each year minus the actual income taxes paid on his income until either party died or appellee remarried, whichever occurred first. Appellant again cites *Kunkle* for the contention that fashioning an award based upon a percentage of income, when the award is in the form of a penalty or is not based upon the payee's need, is unreasonable.

Appellant's final basis for relief from judgment is that, in light of the totality of the circumstances presented in this case, the entire separation agreement executed by the parties is unconscionable as against public policy. Appellant points out that according to the terms of the separation agreement, appellee was to retain the marital residence, all the furnishings located in the marital residence, the Mercedes vehicle, and all stock accounts held with Butler, Wick and Company. Appellant further points out that he was required to pay appellee up to $125,000 for an addition to the marital residence, $5,000 to furnish the new addition, the mortgage on the marital residence, fifty percent of any funds derived from a sale

or lease of appellant's professional and/or business interests, and fifty percent of any funds received by appellant from refinancing his professional and/or business interests. Appellant argues that these conditions are unconscionable and unfair.

Appellant concludes that as appellee's earning potential has greatly increased, a permanent award of spousal support is unjustified and, therefore, the trial court erred in overruling his motion to vacate.

A review of the record reveals that the separation agreement in question was not unconscionable, unfair, contrary to law, or against public policy. At all relevant times, appellant had the opportunity to review the separation agreement with legal counsel of his choice and acknowledged his decision not to do so in writing. Appellant does not allege that he was coerced or threatened in any way into executing the separation agreement. Interestingly, in his correspondence dated October 11, 1993, relinquishing the services of legal counsel, appellant stated:

"I must live with the decisions ultimately made. Further, I must live with myself and the *spirit* of my choices—both past and present. In the context of my present circumstances, and whatever may come after, I can no longer proceed in any contested fashion."

Furthermore, the record indicates that appellant had an annual gross income of $536,000, while appellee only had an annual gross income estimated at $10,000.

The cases that appellant cites in support of his contentions on appeal do not address vacating a separation agreement that was voluntarily entered into by the parties, as was the circumstance in the case at bar. This court has previously addressed the matter at issue in *Tsangaris v. Tsangaris* (July 9, 1997), Mahoning App. No. 94–C.A.–126, unreported, 1997 WL 391297, wherein we stated:

"The Supreme Court has held, on a number of occasions, that a party may not use Civ.R. 60(B) to circumvent the terms of a settlement agreement simply because, with hindsight, he or she has thought better of the agreement which was entered into voluntarily and deliberately. See generally *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 145 [24 OBR 362, 364–365], 493 N.E.2d 1353, 1356–1357; *Crouser v. Crouser* (1988), 39 Ohio St.3d 177, 180, 529 N.E.2d 1251 [1253–1254]. While *Knapp* and *Crouser* dealt with the more specific issue of whether the 'no longer equitable' language of Civ.R. 60(B)(4) is available to obtain relief from the terms of a settlement agreement, the rationale used by the court is equally applicable here; that is, the principal of finality of judgments weighs heavily against allowing parties to be relieved from calculated, deliberate choices. See *Knapp, supra,* at 145 [24 OBR at 364–365], 493 N.E.2d at 1356–1357; *Crouser, supra,* at 180–181, 529 N.E.2d at [1253–1255]."

Not only did appellant voluntarily execute the separation agreement in ques-tion, but the separation agreement did not contain a provision specifically

authorizing the trial court to modify or terminate spousal support. *In re Adams* (1989), 45 Ohio St.3d 219, 543 N.E.2d 797, provides guidance on this point, as the Ohio Supreme Court held that a trial court is without jurisdiction to modify or terminate an award of spousal support as delineated in a separation agreement that was incorporated into a decree of dissolution of marriage without a reservation of jurisdiction in the agreement.

The Ohio Supreme Court has recently reiterated the position that it took in *Knapp, supra,* concerning relief from judgment pursuant to Civ.R. 60(B), and recognized that dissolution proceedings could be modified under Civ.R. 60(B)(1), (2), or (3) only if the parties had specifically reserved jurisdiction in the trial court to modify the separation agreement. *In re Whitman* (1998), 81 Ohio St.3d 239, 690 N.E.2d 535.

Based upon the record, we cannot find that appellant has established a meritorious claim or defense entitling him to relief from the separation agreement pursuant to Civ.R. 60(B). Likewise, as to the second prong of the Civ.R. 60(B) test set forth in *GTE Automatic Elec., Inc., supra,* we cannot find that appellant has shown an entitlement to relief under one of the subsections of Civ.R. 60(B).

Absent a reservation of jurisdiction in the trial court to modify the separation agreement, appellant had the burden to show by clear and convincing evidence that he signed the separation agreement due to undue influence, duress, or fraud. See *DiPietro v. DiPietro* (1983), 10 Ohio App.3d 44, 10 OBR 52, 460 N.E.2d 657. Based upon appellant's correspondence to his former counsel declining legal services and given appellant's written acknowledgment within the separation agreement that he would proceed unrepresented, it is clear that appellant had the opportunity to seek the advice of legal counsel and chose not to avail himself of that option. There is nothing within the record to suggest that appellant executed the separation agreement due to undue influence, duress, or fraud. Thus, appellant has failed to satisfy both the first and second prongs of the Civ.R. 60(B) test delineated in *GTE Automatic Elec., Inc.* Even assuming *arguendo* that appellant met the timeliness requirement under the third prong of the Civ.R. 60(B) test, in order to prevail on a motion for relief from judgment, appellant must demonstrate that he has met all three prongs under the test. This appellant cannot do.

Appellant's sole assignment of error on appeal is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO and VUKOVICH, JJ., concur.