[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
Raymond G. Fesmier, for appellee.
James J. Martin, for appellant.
This case is before the court following the judgment of the Huron County Court of Common Pleas, Domestic Relations Division, dismissing appellant Lawrence Scott Granneman's motion for relief from judgment pursuant to Civ.R. 60(B). For the reasons set forth herein, we affirm.
The relevant facts are as follows. Appellee, Vicky L. Granneman (nka Mack), filed a complaint for divorce from appellant on June 3, 1996. The parties had been married since March 31, 1979, and had three minor children. During the divorce proceedings, appellant was not represented by counsel.
On August 4, 1997, the trial court entered a final decree of divorce. A separation agreement, signed by the parties, was incorporated into the divorce decree. The separation agreement, drafted by appellee's attorney, provided, inter alia, for the division of the parties' assets and liabilities. The agreement addressed their principal asset, the East of Chicago Pizza Company, Inc., as follows:
"ARTICLE IV. SPOUSAL SUPPORT
"* * *.
 "The parties agree that the court reserves jurisdiction to determine spousal support issues in the future based only upon the circumstances of the parties in relationship to their equity interests and incomes received from East of Chicago Pizza Company, Inc., an Ohio Corporation and East of Chicago Leasing, Co., an Ohio corporation all issued stock of which are owned exclusively by the parties and in which all of the issued stock is being divided between the parties as provided for hereinafter. It is the intention and agreement of the parties that each shall receive future benefits from and relating to said corporations in equal amounts in all matters excepting wages. The wages paid to the respective parties is governed by [sic] employment agreement which each has with said corporation."
Just prior to the execution of the agreement, the parties executed several documents relating to the parties' interests in East of Chicago Pizza Co., Inc. and East of Chicago Leasing Co. (collectively referred to as "East of Chicago") The documents were drafted by appellee's attorney. Relevant to the present case, the parties executed an employment agreement as to appellee, a shareholder agreement, and an agreement regarding share transfer restrictions.
The employment agreement provides that appellee is to be paid $120,000 per year, be provided a company vehicle and health insurance. The agreement is for a period of one year with automatic renewals absent either party's written intent of a desire not to renew.
The shareholder agreement states that appellee would be reissued forty-nine shares of East of Chicago Pizza Co., Inc. stock and appellant would be reissued fifty-one shares. The agreement further provides:
 "4. Lawrence Scott Granneman shall execute in favor of Vicky L. Granneman an irrevocable proxy thereby designating Vicky L. Granneman to vote 1 share of his reissued stock referred to in (2) above so that the net effect following reissuance of stock will provide that each party shall have the exclusive rights either individually or by proxy to vote 50 (which equals one-half (1/2) of the reissued and outstanding shares of stock) of East of Chicago Pizza Company, Inc."
Finally, the share transfer restriction agreement provides, in relevant part:
 "* * * Vicky L. Granneman may at her election and at anytime without restrictions elect to sell her shares to the Company. The purchase price to be paid in this event shall be based upon the valuation of the entire Company in an amount equal to eight (8) times the gross receipts/sales of the Company during the twelve months immediately preceding her election to sell her stock."
On February 13, 2001, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(3) and (5). Appellant's request for relief under Civ.R. 60(B)(3) was premised on the contention that appellee's attorney, at the time of the divorce decree, had committed a fraud upon the court by omitting from the divorce proceedings the employment, irrevocable proxy and share transfer restriction agreements. As to Civ.R. 60(B)(5), appellant, generally, argued that the trial court, had it known of the agreements, would never have authorized appellee's control over the business and award of permanent alimony.
On May 10, 2001, appellee filed a motion to dismiss appellant's motion for relief from judgment. Appellee argued that as to appellant's request for relief under Civ.R. 60(B)(3), it was filed beyond the one-year limitations period and should be dismissed as a matter of law. Regarding the request under Civ.R. 60(B)(5), appellee claimed that appellant failed to establish that a fraud upon the court had been committed. Further, appellee argued that the motion for relief was not filed within the "reasonable time" Civ.R. 60(B)(5) language.
Appellant raised several arguments in response to appellee's motion to dismiss. As to the timeliness issue, appellant argued that the discovery rule was applicable. Appellant also argued that the separation agreement failed to provide for a division of all the property and provided for permanent spousal support.
On August 6, 2001, the magistrate's decision was filed granting appellee's motion to dismiss. The court found that appellant's request for relief under Civ.R. 60(B)(3) was untimely. As to Civ.R. 60(B)5), the court found that there were no facts present which would entitle appellant to relief and that the matters had previously been ruled upon in a related matter. The magistrate's decision was adopted by the trial court on the same date. Appellant then filed a notice of appeal.
Appellant now raises the following four assignments of error:
 "1) The trial court abused its discretion and erred in failing to grant relief from judgment as the Judgment Entry — Decree of Divorce and Separation Agreement do not represent a complete, fair and equitable distribution of the assets of the parties, nor a complete, fair and equitable allocation of the rights and responsibilities of the parties.
 "2) The Judgment Entry — Final Decree of Divorce and Separation Agreement, in failing to address the division of the principal asset of the parties, and in failing to incorporate therein numerous, additional and substantial agreements of the parties, requires vacation and reformation pursuant to Rule 60(B)(5) of the Ohio Rules of Civil Procedure.
 "3) The trial court abused its discretion and erred in not granting relief from judgment as said judgment has created a condition of involuntary servitude and an award of permanent alimony, neither of which was intended by the parties, thereby justifying relief under Rule 60(B)(5) of the Ohio Rules of Civil Procedure.
 "4) The trial court abused its discretion and erred in not granting Defendant-Appellant relief from the Judgment — Final Decree of Divorce which was procured by a constructive fraud upon the court and upon Appellant."
Appellant's four assignments of error are interrelated as they dispute the trial court's denial of appellant's motion for relief from judgment pursuant to Civ.R. 60(B). For this reason, we shall address the assignments of error concurrently.
It is well-settled that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, unconscionable or arbitrary. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Civ.R. 60(B) sets forth the following grounds for relief from judgment:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
In order to obtain relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
These requirements must be shown by "operative facts" presented in evidentiary material accompanying the request for relief. East Ohio GasCo. v. Walker (1978), 59 Ohio App.2d 216. Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the requirements set forth in GTE, supra. Argo Plastic ProductsCo. v. Cleveland (1984), 15 Ohio St.3d 389, 391.
In the present case, appellant moved for relief from judgment under Civ.R. 60(B)(3) and (5). It is undisputed that the motion for relief was filed some forty-one months following the divorce decree. This fact alone establishes that appellant's motion for relief under Civ.R. 60(B)(3), which must be filed within one year after judgment, was untimely as a matter of law. Thus, the trial court did not abuse its discretion dismissing appellant's motion on said basis.
We now turn to appellant's motion for relief from judgment under Civ.R. 60(B)(5), which must be filed within a reasonable time. GTE,supra. Though the "catchall" provision under Civ.R. 60(B)(5) is not subject to the one-year limitation period, a movant has the burden of presenting evidentiary materials demonstrating the timeliness of the motion. Youssefi v. Youssefi (1991), 81 Ohio App.3d 49, 53.
As to the timeliness requirement, appellant contends that the documents signed by the parties prior to the divorce contained "latent time bombs" which were not apparent until appellee attempted to terminate her contract. Upon review of the relevant documents, which this court found clear and unambiguous, we find doubtful appellant's contention that he did not understand the content of the agreements.
Even assuming that appellant did not understand the potential future impact of the agreements on the date of their execution, there was evidence before the trial court that as early as August 1999, the parties, through counsel, had discussions regarding the subjects addressed in the employment and share transfer agreements. Thus, we find that appellant has failed to meet the burden of establishing the timeliness of the motion.
Additionally, we note that appellant has presented no evidence that he signed any of the documents, including the separation agreement, as a result of undue influence or fraud. See Biscardi v. Biscardi (1999),133 Ohio App.3d 288, 293. Regarding the fact that appellant was not represented by counsel, the separation agreement provides that appellant "has been afforded an opportunity to have an independent counsel of his own choosing to review the same with him." Further, at the final hearing appellant acknowledged that he waived his right to counsel.
Based on the foregoing, we find that appellant's motion for relief from judgment was not filed within a reasonable time as required under GTEAutomatic Elec., Inc. v. ARC Indus., Inc., 47 Ohio St.2d at paragraph two of the syllabus. We additionally find that appellant failed to present operative facts substantial enough to entitle him to relief under Civ.R. 60(B)(5). Accordingly, the trial court did not abuse its discretion when it granted appellee's motion to dismiss. Appellant's four assignments of error are not well-taken and denied.
On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., JUDGES CONCUR.