[Cite as *Hunter v. Hunter*, 2011-Ohio-3094.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LISA HUNTER | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Petitioner-Appellee, | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| PAUL HUNTER | : | Case No. 2010-CA-0290 |
| | : | |
| Petitioner-Appellant . | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                            Common Pleas, Family Court Division,
                            Case No. 2009DR1254

JUDGMENT:                   REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:     June 20, 2011

APPEARANCES:

For Appellee                            For Appellant

MITCHELL A. MACHAN                      STEVEN L. CRAIG
Mellett Plaza                           437 Market Avenue North
3810 West Tuscarawas Street             Canton, OH 44702
Canton, OH 4470

*Delaney, J.*

{¶1}   Appellant Paul Hunter appeals the September 15, 2010 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, which vacated a dissolution decree.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant and Appellee Lisa Hunter were married on April 24, 1998.  One child was born as issue of the marriage.

{¶3}   On October 23, 2009, Appellant and Appellee filed a *pro se* Petition for Dissolution with the Stark County Court of Common Pleas, Family Court Division.  The parties used pre-printed forms to file their Petition and related documents such as the Financial Statements and Marital Settlement Agreement.   Appellee completed the information on the forms, including the Financial Statements.  The Financial Statement for Appellant does not list Appellant's retirement benefits.

{¶4}   The parties appeared for a Final Hearing on December 3, 2009.  Appellant and Appellee testified as to their Petition for Dissolution, but there is no transcript of this hearing in the trial court record.  The magistrate assigned to the case granted the Decree of Dissolution and the Marital Settlement Agreement was incorporated into the Decree.  No party filed objections to the Magistrate's Decision.  On December 4, 2009, the trial court filed a Final Decree of Dissolution.  Neither party appealed the Final Decree.

{¶5}   On March 24, 2010, Appellant filed a Motion to Show Cause against Appellee.  Appellant asked the trial court to order Appellee to show cause as to why she claimed their minor child as a dependent on Appellee's 2009 tax return when the

Decree of Dissolution stated that Appellant would claim their child as a dependent for tax purposes. The parties resolved the matter and the motion was withdrawn on May 3, 2010.

{¶6} Appellee filed a Verified Motion for Relief from Judgment on May 12, 2010. In her motion, Appellee moved to vacate provisions of the December 4, 2009 Decree of Dissolution pursuant to Civ.R. 60(B)(1), (B)(3), and (B)(5). Appellee argued that the Financial Statements filed with the Petition for Dissolution failed to disclose all of Appellant's assets and debts, specifically his retirement benefits.

{¶7} The Motion for Relief from Judgment was set for hearing on June 28, 2010. The hearing was held before the trial court judge and a transcript was made of the hearing. No testimony was taken at hearing; rather, counsel for the parties presented the parties' positions as to the Motion for Relief from Judgment. The issues at the hearing were Appellant's retirement benefits: whether Appellee was aware of Appellant's retirement benefits when she completed the pre-printed Petition for Dissolution and the Financial Statements, and was a dissolution decree void under Ohio law if retirement benefits existed but were omitted. The trial court questioned whether it was necessary for the court to hold an evidentiary hearing on the Motion for Relief. The trial court determined that the parties should brief the issues.

{¶8} The parties submitted their briefs to the trial court. On September 15, 2010, the trial court granted Appellee's Motion for Relief from Judgment and vacated the December 4, 2009 Decree of Dissolution.

{¶9} It is from this judgment Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶10}  Appellant raises two Assignments of Error:

{¶11}  "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN SUSTAINING PETITIONER-APPELLEE'S *VERIFIED MOTION FOR RELIEF FROM JUDGMENT* WHERE (A) NO MERITORIOUS DEFENSE OR CLAIM WAS SHOWN TO EXIST; (B) PETITIONER-APPELLEE FAILED TO SHOW THAT SHE WAS ENTITLED TO RELIEF UNDER ONE OF THE GROUNDS STATED IN CIV.R. 60(B)(1) THROUGH (5); AND (C) THE MOTION WAS NOT TIMELY MADE.

{¶12}  "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, FAILING TO CONDUCT AN EVIDENTIARY HEARING IN THE ABSENCE OF ANY SWORN STATEMENTS AS TO ANY OPERATIVE FACTS THAT WOULD LEND TO THE GRANTING OF RELIEF FROM JUDGMENT IN A DISSOLUTION CASE.

## II.

{¶13}  We address Appellant's second Assignment of Error first because it is dispositive of this appeal.  In this case, Appellee moved to vacate the dissolution because certain assets, including Appellant's retirement benefits, were omitted from the separation agreement.  A hearing was held on the motion where counsel presented arguments, rather than evidence, that showed that Appellee may have been aware of Appellant's assets but did not include them in the self-prepared separation agreement. After briefing, the trial court granted the motion for relief and vacated the dissolution. Appellant argues the trial court erred in granting Appellee's Motion for Relief from Judgment without first conducting an evidentiary hearing.  We agree.

{¶14} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶15} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

{¶16} Appellee brought her motion for relief from judgment pursuant to Civ.R. 60(B)(1), 60(B)(3), and 60(B)(5). Civ.R. 60(B) states in pertinent part,

{¶17} "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken."

{¶18} In *McLoughlin v. McLoughlin,* 10th Dist. 05AP-621, 2006-Ohio-1530, our colleagues in Tenth District Court of Appeals remarked upon the significance of vacating a dissolution of marriage:

{¶19} "A court must be diligent in its analysis when a party seeks relief from a dissolution of marriage. Whereas a divorce proceeding is adversarial in nature, when a marriage ends in dissolution, the couple must jointly petition the court and present a separation agreement voluntarily executed by both parties. If, at any time prior to the actual journalization of dissolution, either party becomes dissatisfied with the separation agreement, the court cannot proceed with the dissolution. In other words, as the Ohio Supreme Court has observed, 'mutual consent is the cornerstone of our dissolution law.' *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 144, 493 N.E.2d 1353. Thus, in seeking relief from dissolution, the moving party is essentially asking to be released from his or her own promise. Courts must be wary and ensure that relief under Civ.R. 60(B) is justified, not merely a tool used 'to circumvent the terms of a settlement agreement simply because, with hindsight, [the moving party] has thought better of the agreement which was entered into voluntarily and deliberately.' *Biscardi v. Biscardi* (1999), 133 Ohio App.3d 288, 292, 727 N.E.2d 949."

{¶20} The Tenth District further noted that when an asset is completely omitted from a dissolution decree or settlement agreement, such an omission *may* be sufficient grounds for relief from Civ.R. 60(B)(5). Id. at ¶ 31. "Ultimately, whether equity demands that the judgment be set aside remains a question within the court's discretion * * *." Id.

{¶21}   R.C. 3105.61 *et seq.* allows dissolution of marriage by agreement of the parties without proof of marital misconduct but subject to judicial procedures.   R.C. 3105.63 states:

{¶22}  "The separation agreement shall provide for a division of all property; spousal support; if there are minor children of the marriage, the allocation of parental rights and responsibilities for the care of the minor children, the designation of a residential parent and legal custodian of the minor children, child support, and parenting time rights; and, if the spouses so desire, an authorization for the court to modify the amount or terms of spousal support, or the division of property, provided in the separation agreement."

{¶23}  Appellee argued in her motion for relief that because the Marital Settlement Agreement did not provide for a division of all of the parties' property, specifically Appellant's retirement benefits, the decree should be vacated because it is void.  Appellee states that because the dissolution decree is void as a matter of law, no evidentiary hearing is necessary to grant relief pursuant to Civ.R. 60(B).

{¶24}  Appellee argued under *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597, "[a] vested pension plan accumulated during marriage is a marital asset and must be considered in conjunction with other factors listed under R.C. 3105.18 and all other relevant factors in dividing marital assets and liabilities" in a divorce proceeding.  However, *Holcomb* went on to state that "[t]he court is not required to divide the pension benefits as a matter of law; however, it must consider the pension plan as a marital asset in reaching an equitable division of property."

{¶25} More on point, the First District Court of Appeals in *In re Murphy* (1983), 10 Ohio App.3d 134, 461 N.E.2d 910, examined a motion to vacate a decree of dissolution where the separation agreement omitted a significant amount of the husband's assets. The husband and wife agreed to dissolve their 35-year marriage and the husband prepared the separation agreement documents with his counsel. The wife agreed to the terms of the separation without the advice of counsel. Unbeknownst to the wife, the husband omitted 70.59% of his assets, giving the husband 82.29% of the total assets and the wife 17.71%. One year later, the wife obtained counsel because of the husband's separate real estate transaction. An investigation into the parties' assets resulted in the wife filing a motion to vacate the dissolution decree.

{¶26} The first issue before the court was whether the dissolution decree was void or voidable because it failed to provide for a division of all property as determined to be mandatory pursuant to R.C. 3105.63. The court found that where a "separation agreement omits assets that are both substantial in relative amount and material to an informed and deliberate agreement about equitable division of property, such omissions render the dissolution decree voidable, and the decree can be vacated by motion for relief filed under Civ.R. 60(B)(5)." *Murphy*, paragraph two of syllabus.

{¶27} In this case, the parties omitted an unknown amount of assets from the Marital Settlement Agreement. We find that the alleged omissions from the Hunter's Marital Settlement Agreement render the dissolution decree voidable and a motion for relief pursuant to Civ.R. 60(B) can be used to vacate the decree.

{¶28} In finding that a decree of dissolution could be vacated under Civ.R. 60(B)(5), the *Murphy* court then considered factors to be examined when making that determination:

{¶29} "Among the factors to be considered by the trial court in determining whether relief from a decree of dissolution based on an incomplete separation agreement should be granted under Civ.R. 60(B) in the first instance (factors that will also be used by a reviewing court in determining whether the trial court abused its discretion) are the following: what caused the delay in making the motion; whether the delay was reasonable; what personal knowledge the movant had about the nature, extent and value of all the marital assets (whether included or omitted); what the movant should have known about them in the exercise of ordinary care; whether the movant expressly or implicitly concurred in the property provisions of the separation agreement; what deceptions, if any, were used by the other spouse; and what has intervened between the decree and the motion (such as, remarriage of either spouse or both spouses)."

{¶30} In *Murphy*, the trial court held an evidentiary hearing on the motion to vacate. The First District reviewed the record with the above factors to determine that the trial court did not abuse its discretion to vacate the decree of dissolution.

{¶31} In this case, the parties prepared the dissolution documents, including the financial statements, using pre-printed forms and without the assistance of counsel. The financial statements did not include any information about Appellant's retirement benefits. The trial court held a hearing on the parties' dissolution where the parties

testified as to the Marital Settlement Agreement. The parties have not provided a transcript of that hearing.

{¶32} Appellee brought her verified motion for relief from judgment pursuant to Civ.R. 60(B)(1), (3), and (5) alleging the omission of Appellant's assets from the Marital Settlement Agreement. At the hearing on the motion for relief from judgment, the trial court did not take any evidence; but the trial court did acknowledge that an evidentiary hearing may be necessary based on this Court's previous rulings on Civ.R. 60(B) motions. As to the crux of Appellee's basis for vacating the decree of dissolution, Appellee's counsel stated that Appellee knew Appellant had a pension at the time the parties prepared the dissolution documents, but Appellee did not know the value of Appellant's retirement benefits. (T. 9). Appellee allegedly prepared the documents herself, but there was no further explanation at the hearing as to why the benefits were not included or what was the value of the missing benefits. The trial court granted the motion to vacate, but did not provide its reasoning in its judgment entry.

{¶33} We find that based on the state of this record, along with the significance of vacating a decree of dissolution and the factors to be considered under *Murphy*, an evidentiary hearing wherein testimony under oath could be adduced was warranted before the trial court granted Appellee's motion for relief from judgment based on the alleged omission of assets.

{¶34} We therefore sustain Appellant's second Assignment of Error and find it is dispositive of this appeal rendering Appellant's first Assignment of Error premature at this time.

{¶35}  The judgment of the Stark County Court of Common Pleas, Family Court

Division, is reversed and the matter is remanded for further proceedings.

By: Delaney, J.

Hoffman, P.J. and

Edwards, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

LISA HUNTER,                                    :
                                                :
      Petitioner-Appellee,             :
                                                :
-vs-                                            :           JUDGMENT ENTRY
                                                :
PAUL HUNTER,                                    :
                                                :
      Petitioner-Appellant.            :           Case No. 2010-CA-0290

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas, Family Court Division, is reversed and the matter is remanded to the trial court for further proceedings. Court costs taxed to Appellee.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS