[Cite as *US Bank Natl. Assn. v. Marino*, 2012-Ohio-1487.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WFASC 2005- AR2

        Plaintiff-Appellee

-vs-

MICHAEL D. MARINO, ET AL

        Defendants-Appellants

JUDGES:
:  Hon. W. Scott Gwin, P.J.
:  Hon. William B. Hoffman, J.
:  Hon. Sheila G. Farmer, J.
:
:
:  Case No. 2011CAE11 0108
:
:
:  O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Delaware County Court of Common Pleas, Case No. 10 CVE 05 0824 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 30, 2012 |

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

SCOTT KING                        MARC  E. DANN
TERRANCE MEBANE               GRACE DOBERDRUK
41 South High Street, Ste. 1700      20521 Chagrin Blvd., Ste. D
Columbus, OH  43215            Shaker Heights, OH  44122

*Gwin, P.J.*

{1} Defendant-appellant Michael D. Marino appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which overruled their motion for relief from judgment brought pursuant to Civ. R. 60 (B). Plaintiff-appellee is U.S. Bank National Association as Trustee for WFASC 2005-AR2. Appellant assigns two errors to the trial court:

{2} "I. IT WAS AN ABUSE OF DISCRETION NOT TO VACATE THE JUDGMENT UNDER CIVIL RULE 60 (B)(5) WHEN PLAINTIFF-APPELLEE FALSELY FILED A COMPLAINT STATING IT WAS THE HOLDER OF THE NOTE.

{3} "II. IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY APPELLANT MICHAEL MARINO'S 60 (B) MOTION TO VACATE WITHOUT HOLDING A HEARING."

{4} On May 27, 2010, appellee filed a complaint for foreclosure of appellant's property on a mortgage and note. Appellant did not file an answer or any other response and on July 2, 2010, appellee filed its motion for default judgment, along with a notice of filing an allonge of the note and a notice of filing of assignment of mortgage. The trial court entered judgment for appellee on September 1, 2010.

**{5}** On November 5, 2010, appellant filed a Motion for Relief from Judgment, and supplemented the motion on February 28, 2011. The court overruled the motion.

I.

**{6}** In their first assignment of error, appellant argues the court abused its discretion in overruling his motion to vacate the judgment because appellee misrepresented itself as the holder of note.

**{7}** Civ. R. 60 (B) states:

**{8}** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{9}**  The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion.  *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{10}**  A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely.  *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976) paragraph two of the syllabus.  If a party fails to establish any one of these three requirements, the motion must be overruled.  *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**{11}**  Appellant argues the note attached to the complaint was payable to M/I Financial Corporation, and contains an endorsement to Wells Fargo Bank, N.A.  There was no documentation of a transfer to appellee, but the first paragraph of the complaint stated appellee was the holder of the note.

**{12}**  On July 2, 2010, appellee filed a notice of filing note with allonge.  The allonge was a transfer of the note from Wells Fargo Bank, N.A. to appellee.  The assignment of mortgage filed with it transferred to appellee the mortgage from Mortgage Electronic Registration System, Inc. as nominee for M/I Financial Corporation its successors and assigns.  The assignment of mortgage was executed on July 8, 2010, approximately two weeks after the filing of the complaint.

**{13}** Appellant argues appellee was not the holder of the note at the time the complaint was filed, and thus, the first paragraph of its complaint was false, and appellee had no standing to pursue the foreclosure action.

**{14}** The trial court found appellant could not use Civ. R. 60(B)(5) to assert appellee committed a fraud on the court by submitting a fraudulent assignment, affidavit, and allonge. The court found claims based upon fraud should be brought pursuant to Civ. R. 60 (B)(3).

**{15}** The trial court found in order to have a claim for relief under Civ. R. 60 (B)(3), the adverse party must have prevented the complaining party from fully and fairly presenting its case or defense. Judgment Entry at page 8, citing *Hardman v. Chiarmonte,* 39 Ohio App. 3d 9, 11, 528 N.E. 2d 1270 (1987). The court correctly stated the party asserting fraud and misrepresentation has the burden of proving the assertion by clear and convincing evidence.

**{16}** The trial court found appellee did not prevent appellant from having a fair opportunity to present defenses to the complaint. The court found appellant had the opportunity to participate in the litigation, to file an answer, and to participate in discovery, but chose instead to proceed without an attorney. The court found appellant had not presented clear and convincing evidence of fraud or misrepresentation.

**{17}** The trial court cited *Deutsche Bank National Trust Company v. Pagani,* 5th Dist. No. 09CA000013, 2009-Ohio-5665, where the defendants argued when the plaintiff was not the real party in interest because the note and mortgage had not been assigned to the plaintiff when it filed its complaint. This court found the plaintiff demonstrated it had standing because it attached sufficient evidence to its motion for

summary judgment, demonstrating it was in fact the current holder and owner of the mortgage and note. We find in the case at bar, appellee provided evidence it was the current holder and owner of the mortgage, which is sufficient under *Pagani, supra.*

{18} As for appellant's argument regarding the appearance and source of the various documents, the trial court found no clear and convincing evidence of fraud, and we agree.

{19} The first assignment of error is overruled.

II.

{20} In his second assignment of error, appellant argues the court abused its discretion in not holding a hearing before it ruled on their Civ. R. 60 (B) motion. In *Kay v. Marc Glassman, Inc.,* 76 Ohio St. 3d 18, 1996-Ohio-430, 665 N.E. 2d 1102, the Ohio Supreme Court found when a movant files a motion for relief from judgment, the trial court should grant a hearing to take evidence only if the motion contains operative facts which would warrant relief under Civ. R. 60 (B). *Id.* at 19, citing *Coulson v. Coulson*, 5 Ohio St. 3d 12, 16, 448 N.E. 2d 809 (1983).

{21} Upon review we find appellant has not set forth facts indicating he has a meritorious defense if relief were granted. Appellant's arguments regarding standing do not challenge the merits of the case. Appellant does not allege he actually was not in default nor does he articulate any defense to the foreclosure action.

{22} We find the trial court did not abuse its discretion in declining to conduct a hearing on the matter.

{23} The second assignment of error is overruled.

**{24}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 0313

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

US BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR WFASC 2005-
AR2                                         :
                                            :
            Plaintiff-Appellee              :
                                            :
                                            :
-vs-                                        :           JUDGMENT ENTRY
                                            :
MICHAEL D. MARINO, ET AL                    :
                                            :
                                            :
            Defendant-Appellant             :           CASE NO. 2011CAE11 0108


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas of Delaware County, Ohio, is affirmed.  Costs to appellant.




                                            _____
                                            HON. W. SCOTT GWIN


                                            _____
                                            HON. WILLIAM B. HOFFMAN


                                            _____
                                            HON. SHEILA G. FARMER