[Cite as *Saha v. Saha*, 2019-Ohio-4496.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SHIKHA SAHA | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | |
| -vs- | Case Nos. 2018 CA 00148 and<br>2019 CA 00010 |
| PRADEEP SAHA | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No.  2018 CR 00079

JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     October 31, 2019


APPEARANCES:

For Plaintiff-Appellant

DOUGLAS C. BOND
D. COLEMAN BOND
BOND LAW, LTD
600 Courtyard Centre
116 Cleveland Avenue, NW
Canton, Ohio  44702

For Defendant-Appellee

DENISE K. HOUSTON
LAUREN A. GRIBBLE
TZANGAS PLAKAS MANNOS LTD
220 Market Avenue South
Eighth Floor
Canton, Ohio  44702

*Wise, J.*

**{¶1}** Plaintiff-Appellant (former wife) Shikha Saha appeals from both her divorce and a subsequent denial of her motion for relief from judgment in the Stark County Court of Common Pleas, Domestic Relations Division. Defendant-Appellee (former husband) is Pradeep Saha. The relevant facts leading to this appeal are as follows.

**{¶2}** Appellant and appellee were married in 2015. Two children were born as issue of the marriage, one of whom is now emancipated.

**{¶3}** On January 29, 2018, Appellant Shikha filed a complaint for divorce in the Stark County Court of Common Pleas, Domestic Relations Division ("trial court"). Appellee Pradeep filed an answer and counterclaim on February 20, 2018. Both parties filed financial affidavits in support of their respective pleadings.

**{¶4}** The divorce complaint and counterclaim proceeded to a final hearing before the trial court on July 11, 2018. Both parties appeared with counsel. Appellee's counsel indicated that the parties had reached an agreement, and she proceeded to read the terms of said agreement into the record. Appellant and appellee were each questioned by counsel. Among other things, appellant stated that the agreement as read was accurate and that she believed it was fair and equitable. Tr., July 11, 2018, at 14.

**{¶5}** However, on August 8, 2018, appellant, represented by new counsel, filed an "objection to [the] separation agreement" and a request for an evidentiary hearing. Appellee filed a response on August 28, 2018.

**{¶6}** The trial court nonetheless issued a final decree of divorce on August 31, 2018, incorporating the parties' written separation agreement. Among other things, Appellee Pradeep (former husband) was named as the custodial parent of the parties'

remaining unemancipated child, with companionship rights allocated to Appellant Shikha, who was also ordered to pay child support to appellee pursuant to the worksheet attached to the separation agreement. Appellee was ordered to pay a monthly sum certain in spousal support to appellant for a period of six months commencing August 1, 2018, subject to a standard clause for death or remarriage.

**{¶7}** In regard to property issues, appellant agreed to quitclaim her interest in the marital residence in North Canton, with appellee to assume the mortgage obligation. She also agreed to cooperate with appellee in preparing the residence for sale. Five bank accounts were listed, four in appellee's name and one in joint form, with the notation that appellee had paid to appellant, on July 11, 2018, the sum of $44,592.85, representing her one-half of the total balance of the accounts. The separation agreement also made provisions regarding pension and retirement plans, with appellant specifically to receive $42,520.00 from appellee's Schwab account, via a QDRO. Under a heading of "Lump Sum Property Division Payment", appellee was also to pay appellant the sum of $47,907.15 as an equalization payment within sixty days of the filing of the decree. There was also a statement that the parties had each received a check for $10,000.00 on July 11, 2018, related to a reimbursement of earnest money for a potential purchase of a home in Texas. Finally, provisions were made for the debts of the marriage and the issue of 2017 tax returns and the corresponding dependency exemption.

**{¶8}** On September 28, 2018, Appellant Shikha filed a motion for relief from judgment under Civ.R. 60(B)(3), chiefly alleging that Appellee Pradeep had misrepresented aspects of his financial information during the divorce action.

**{¶9}** In addition, Appellant Shikha directly filed a notice of appeal of the divorce decree on October 1, 2018, which was assigned appellate case number 2018CA00148. On November 26, 2018, this Court issued an order remanding the case to the trial court to "resolve the pending motion for relief from judgment." Accordingly, the trial court conducted an evidentiary hearing on appellant's 60(B) motion on December 20, 2018.

**{¶10}** On December 21, 2018, the trial court issued a judgment entry denying the 60(B) motion.

**{¶11}** On January 22, 2019, Appellant Shikha filed a second notice of appeal, this time concerning the trial court's denial of her 60(B) motion. This was assigned appellate case number 2019CA00010. This Court subsequently consolidated the two pending appeals.[1]

**{¶12}** Appellant herein raises the following four Assignments of Error:

**{¶13}** "I.  THE TRIAL COURT ABUSED ITS DISCRETION BY ISSUING THE DECREE OF DIVORCE THAT ADOPTED THE PARTIES' SEPARATION AGREEMENT WITHOUT HOLDING AN EVIDENTIARY HEARING ON APPELLANT'S OBJECTION TO THE SEPARATION AGREEMENT.

**{¶14}** "II.  THE TRIAL COURT ABUSED ITS DISCRETION BY ISSUING THE DECREE OF DIVORCE THAT ADOPTED THE PARTIES' SEPARATION AGREEMENT BECAUSE IT WAS PROCURED BY FRAUD AND DURESS, AND THE TRIAL COURT

---

[1]  In addition, appellee filed with this Court a motion to dismiss the appeal on May 8, 2019, asserting that appellant had "cash[ed] and accept[ed]" all of the spousal support and property settlement checks tied to the divorce decree. Appellant filed a motion in response on May 28, 2019. Based on our review of the motions, we are not persuaded that appellant's actions constituted a full and formal satisfaction of judgment warranting dismissal under the doctrine of mootness, and we will proceed to the merits of the present appeal.

WAS PREVENTED FROM DETERMINING WHETHER THE AGREEMENT WAS FAIR AND EQUITABLE.

**{¶15}** "III.   THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE THE DECREE OF DIVORCE AS THE APPELLEE ADMITTED TO PERJURING HIMSELF DURING THE HEARING WHEN THE SEPARATION AGREEMENT WAS READ INTO THE RECORD.

**{¶16}** "IV.  THE TRIAL COURT ABUSED ITS DISCRETION WITH RESPECT TO ISSUING THE DECREE OF DIVORCE THAT ADOPTED THE PARTIES' SEPARATION AGREEMENT AND DENYING THE APPELLANT'S MOTION TO VACATE AS THE APPELLEE FAILED TO COMPLY WITH THE TRIAL COURT'S LOCAL RULES."

I.

**{¶17}** In her First Assignment of Error, appellant argues the trial court abused its discretion by issuing the final divorce decree without holding a hearing on appellant's post-hearing objection to the separation agreement. We disagree.

**{¶18}** It is generally recognized that separation agreements are subject to the same rules of construction as other types of contracts. *See Pastor v. Pastor*, 5th Dist. Fairfield No. 04 CA 67, 2005-Ohio-6946, ¶ 18, citing *Brown v. Brown* (1993), 90 Ohio App.3d 781, 784, 630 N.E.2d 763. But "[u]nder established case law, where the parties' in-court settlement agreement is complete and the proposed judgment entry is consistent with the terms of the in-court settlement, the trial court may enforce the in-court settlement agreement and it may be incorporated into the trial court's judgment entry of divorce even in the absence of an agreement in writing or when one of the parties later

refuses to give written approval." *Hundley v. Hundley*, 5th Dist. Holmes No. 16CA002, 2016-Ohio-4618, ¶ 20 (additional citations omitted).

**{¶19}** Furthermore, "[n]either a change of heart nor poor legal advice is a ground to set aside a settlement agreement. A party may not unilaterally repudiate a binding settlement agreement. * * * In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, the court may adopt the settlement as its judgment." (Citation omitted). *Walther v. Walther* (1995), 102 Ohio App.3d 378, 383, 657 N.E.2d 332.

**{¶20}** As an initial matter, we note appellant provides no specific authority under statute or rule requiring a trial court to entertain an "objection" to a voluntary separation agreement, pending issuance of the final decree, after the parties to a divorce have duly appeared before the judge and read said agreement into the record. Generally, "[w]hen the parties in a divorce or legal separation case reach an in-court settlement, the trial court has the discretion to (1) adopt the agreement in full by incorporating it into a final judgment entry; (2) reject some of the terms in the agreement, make independent rulings on those terms, and incorporate the independent rulings and the remaining terms of the agreement into a final judgment entry; or (3) reject the entire agreement and make independent rulings on all of the issues raised in the complaint." *Lambert v. Lambert*, 6th Dist. Fulton No. F-05-002, 2005-Ohio-6145, ¶ 16, quoting *Erb v. Erb*, 8th Dist. Cuyahoga No. 59615, 1991 WL 271412.

**{¶21}** As such, we find the trial court had wide discretion under these circumstances in addressing appellant's post-hearing objection to the incorporation of the separation agreement into the parties' divorce.

**{¶22}** Appellant primarily directs us to *Roth v. Roth*, 8th Dist. Cuyahoga No. 89141, 2008-Ohio-927. In that case, the parties appeared in court on April 12, 2006, "following months of mediation" and submitted a separation agreement that had been drafted by the mediator assigned to the divorce case. *Id.* at ¶ 7. The matter proceeded to the scheduled trial date in the Cuyahoga County Court of Common Pleas, Domestic Relations Division, in early October 2006. Certain property issues were addressed at that time, and the trial court ordered each side to brief any remaining issues relating to the enforcement of the separation agreement. *Id.* at ¶ 14. On October 30, 2006, the trial court issued a ruling granting Enza Roth's (wife's) motion to enforce the in-court agreement as written and signed on April 12, 2006. *Id.* at ¶ 16. After the trial court had issued its final decree of divorce, Daniel Roth (husband) appealed. He reiterated on appeal his objection to the proposed judgment entry, namely, that two schedules referenced in the agreement as being attached to the agreement were in fact not attached when presented to the trial court. *Id.* at ¶ 22. The Eighth District Court of Appeals, ordering a reversal, concluded the trial court "[was] required to hold an evidentiary hearing when the party opposing the agreement alleges fraud, duress, undue influence, or any other factual dispute concerning the existence of the terms of a settlement agreement." *Roth* at ¶ 46.

**{¶23}** In the case *sub judice*, however, there has been no allegation by appellant-wife that the separation agreement incorporated into the decree differs in any respect from the separation agreement to which both parties agreed during the July 11, 2018 divorce hearing. Appellant testified that she heard counsel read the agreement into the record and that she agreed to the terms as read. She subsequently (albeit before the

decree was issued) attempted via her "objection" to present a conclusory allegation that appellee had committed fraud, despite the pretrial discovery evident in the record and despite her failure to articulate any inconsistencies between the parties' separation agreement as read into the record and then adopted by the trial court.

**{¶24}** We therefore find *Roth* to be factually and procedurally distinguishable from the present case, and we do not conclude *Roth* establishes a bright-line rule mandating a hearing under the unusual procedural circumstances of this matter. We find no abuse of discretion in the trial court's decision not to conduct a hearing on the objection to the separation agreement subsequent to the July 11, 2018 divorce trial date.

**{¶25}** Accordingly, appellant's First Assignment of Error is therefore overruled.

II.

**{¶26}** In her Second Assignment of Error, appellant contends the trial court erred in issuing the parties' divorce decree where the separation agreement had allegedly been procured under fraud and/or duress. We disagree.

**{¶27}** In regard to her claims of fraud, we reiterate that appellant, having been unsuccessful in her "objection" to the separation agreement, proceeded to file a 60(B)(3) motion after the decree, alleging fraud by appellee. We initially find that her present arguments as to fraud are subsumed under our analysis of the Civ.R. 60(B) issues *infra*.

**{¶28}** In regard to her claims of duress, we note appellant failed to make these allegations in her objection to the adoption of the separation agreement. An appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *See, e.g., State v.1981*

*Dodge* Ram Van (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524. Nonetheless, we note that under Ohio law, economic duress is shown "where the person claiming duress was subjected to improper threats which deprived that person of any reasonable alternative but to assent to the terms of the person making the threat." *See Maust v. Bank One Columbus, N.A.,* 83 Ohio App.3d 103, 108 (10th Dist.1992).

**{¶29}** Appellant's present arguments fall far short of meeting such a standard, and we again find no abuse of discretion in the trial court's decision not to conduct an evidentiary hearing on appellant's objection to the separation agreement.

**{¶30}** Appellant's Second Assignment of Error is overruled.

III.

**{¶31}** In her Third Assignment of Error, appellant contends the trial court erred in denying her Civ.R. 60(B) motion to vacate the parties' decree of divorce. We disagree.

**{¶32}** Civ.R. 60(B) states in pertinent part as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall

be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. ***."

**{¶33}** A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Specifically, this Court has recognized that a party asserting fraud and misrepresentation under Civ.R. 60(B)(3) has the burden of proving the assertion by clear and convincing evidence. *See US Bank Natl. Assn. v. Marino*, 5th Dist. Delaware No. 2011CAE11 0108, 2012-Ohio-1487, ¶ 15.

**{¶34}** At the final divorce hearing on July 11, 2018 in the case *sub judice*, appellee was asked the following question by his trial counsel: **"**As, [*sic*] the beginning of this case you filled out various affidavits, property affidavits, affidavits of income and expenses and so forth. Through those affidavits, Pradeep, did you fully disclose all of your assets and liabilities to your wife?" Tr., July 11, 2018, at 20. Appellee answered in the affirmative. *Id.*

**{¶35}** Appellant presently maintains that at the December 20, 2018 hearing on the 60(B) motion, appellee "admitted that his testimony at the July 11, 2018 [divorce] hearing was false" and thus "clearly committed fraud." Appellant's Brief at 16. In support, appellant cites page 30 of the December 20th transcript; however, we observe that appellee is not the person testifying at that point in the record. *See* App.R. 16(A)(7).

**{¶36}** In any event, appellant presently does not appear to challenge the trial court's determination in the judgment entry denying her Civ.R. 60(B) motion that the "specific instances of fraud and concealment alleged" were limited to (1) appellee's Portage Community Bank account, (2) the Bank of America loan, (3) the Fort Worth Credit Union account, (4) appellee's Pershing account, (5) the 529 College Plan, and (6) appellee's income. *See* Judgment Entry, December 21, 2018, at 1-2. The trial court, having heard the respective arguments and testimony during the 60(B) hearing, determined that information regarding these accounts had either been provided in discovery, listed on statements given to appellant, or became available via releases that appellee had provided.

**{¶37}** "[A] party may not use Civ.R. 60(B) to circumvent the terms of a settlement agreement simply because, with hindsight, he or she has thought better of the agreement which was entered into voluntarily and deliberately." *Biscardi v. Biscardi,* 133 Ohio App.3d 288, 292 (7th Dist. 1999). Moreover, under Ohio law, in order for a movant to have a successful claim under Civ.R. 60(B)(3), the adverse party must have prevented the complaining party from fully and fairly presenting his or her claim or defense. *Kell v. Verderber,* 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, ¶ 44 (additional citations omitted).

**{¶38}** In this instance, appellant fails to persuade us from the record that appellee prevented her or her trial counsel from obtaining the information necessary for her prosecution of the divorce action. Among other things, appellee testified at the 60(B) hearing, and the trial court implicitly accepted, that he had updated his original financial information provided in the February 2018 affidavit during the pendency of the divorce,

via discovery and other disclosures. *See*, *e.g.*, Tr., December 20, 2018, at 5-9; 59-79. Upon review, we are unable to conclude that the trial court's decision denying the motion for relief from judgment in this regard was unreasonable, arbitrary or unconscionable.

**{¶39}** Appellant's Third Assignment of Error is therefore overruled.

IV.

**{¶40}** In her Fourth Assignment of Error, appellant contends the trial court abused its discretion by issuing the decree of divorce and/or denying her motion to vacate the divorce decree, in light of the trial court's local rules regarding financial statements. We disagree.

**{¶41}** Appellant directs us to Stark County Family Court Local Rule 12.02, which states in pertinent part:

> It is necessary for each party to a divorce, legal separation, dissolution or annulment proceeding to have made full and complete disclosure of their financial status prior to the date of any hearings. The Clerk of Courts shall not accept for filing, any divorce, legal separation, petition for dissolution, annulment or counterclaim which does not include signed, sworn, current financial statements of the parties. A copy of the financial statement shall be delivered to opposing counsel prior to the hearing. ***.

**{¶42}** Furthermore, Stark County Family Court Local Rule 12.03 states:

> There is an affirmative duty to update financial statements through amendment prior to any court hearing. If the information originally filed remains current, the initial filing will suffice.

**{¶43}** We first observe the trial court was in a far better position than this Court to determine in its own discretion whether or not appellee's apparent technical violation, under the local rules, of failing to update his financial information via an "amendment," as opposed to other methods of disclosure, constituted grounds for vacating the entire decree. Secondly, appellant's reliance on this Court's decision in *Robinson v. Robinson,* 5th Dist. Stark No. 2002CA00009, 2002-Ohio-5760, is unpersuasive. In that case, we affirmed the trial court's decision that vacated a portion of a prior decree based in part upon a finding of noncompliance with a local rule of court concerning the filing of financial statements. However, the appellant-wife in *Robinson* had completely failed to file any financial affidavit during the legal separation/divorce action, which is not the case here. Furthermore, the fact that we affirmed the trial court's decision to partially vacate in *Robinson*, under an abuse of discretion standard, does not mean that we are obligated to reverse where a court decides *not* to vacate its prior decree despite a potential local rule violation.

**{¶44}** Appellant's Fourth Assignment of Error is overruled.

**{¶45}** For the foregoing reasons, the judgments of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, are hereby affirmed.

By: Wise, J.
Hoffman, P. J., and
Baldwin, J., concur.

JWW/d 1023