[Cite as *Mansbery v. Bach*, 2011-Ohio-6627.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96471**

## DAVID MANSBERY

PLAINTIFF-APPELLEE

vs.

## REBECCA BACH

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No.    D-324151

**BEFORE:**    Boyle, P.J., S. Gallagher, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    December 22, 2011

**ATTORNEY FOR APPELLANT**

Anne C. Fantelli
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Andrew A. Zashin
Christopher R. Reynolds
Zashin & Rich Co., L.P.A.
55 Public Square, 4th Floor
Cleveland, Ohio 44113


MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Rebecca Bach, appeals the trial court's judgment dismissing her motion to modify parental rights and responsibilities. She raises two assignments of error for our review:

{¶ 2} "[1.] The trial court erred and abused its discretion by dismissing the appellant's motion to modify parental rights and responsibilities.

{¶ 3} "[2.] The trial court erred and abused its discretion by dismissing the appellant's motion to modify parental rights and responsibilities without holding a hearing."

**{¶ 4}** Finding no merit to her appeal, we affirm.

Procedural History and Factual Background

**{¶ 5}** Bach and plaintiff-appellee, David Mansbery, were married in August 2005, in Phoenix, Arizona. They had two children born as issue of their marriage — a girl in October 2006, and a boy in October 2007. They lived in California after they were married, but moved to Brecksville, Ohio, in the summer of 2008. In December 2008, Mansbery filed a complaint for legal separation after Bach "dramatically" returned her wedding ring to him and told him that she was moving back to California. Mansbery later amended his complaint for legal separation to a complaint for divorce.

**{¶ 6}** After a three-day hearing before a magistrate in September 2009, Mansbery was awarded temporary parental rights and responsibilities of the parties' two minor children. At that time, Bach was living in California, and the magistrate found that Bach had "no plans to move anywhere else even if to do so would place her closer to the children." Based on the magistrate's recommendation, the trial court set forth a temporary visitation schedule where the children would be shuffled back and forth between Cleveland and California every few weeks, with Mansbery being responsible for all travel costs.

**{¶ 7}** The magistrate held a final seven-day divorce trial on all issues in December 2009 and January 2010, issuing his decision in April 2010. The magistrate found that the court's expert, Dr. Deborah Koricke, Ph.D., opined that Mansbery

continued to "offer the most stable atmosphere for the children," but that she would "consider a shared-parenting recommendation if [Bach] would commit to establishing an Ohio residence near the children." Dr. Koricke further stated that Bach's "decision to live in California, farther from her children, was a questionable personal choice." The magistrate recommended that Mansbery be named the children's residential parent, and that visitation continue in the final order as it was set forth in the temporary order. In its "findings and recommendations regarding allocation of parental rights and responsibilities," the magistrate stated that "if [Bach] chooses to reside near the children, this should constitute a change in circumstances that would weigh heavily towards the adoption of a shared parenting arrangement."

{¶ 8} On May 17, 2010, the parties entered into an agreed judgment entry that incorporated the magistrate's decision as the court's own findings and conclusions of law, and the trial court entered judgment accordingly. The trial court granted the parties a divorce on the grounds of incompatibility and designated Mansbery as the residential parent and legal custodian of the children. It set forth a visitation schedule in accordance with the court's October 2009 temporary orders. It further ordered that Bach was entitled to a lump sum of $920,000 pursuant to the parties' prenuptial agreement and ordered that Mansbery be responsible for $75,000 of Bach's attorney fees.

{¶ 9} On August 26, 2010, Bach moved the court to modify parental rights and responsibilities, as well as attorney fees. Through her motion, she informed the court

there had been a change in circumstances because she had moved from California to Ohio on July 31, and was building a home in Seven Hills, Ohio. She cited to the magistrate's decision where he noted that if she moved to Ohio, that factor "would weigh heavily towards the adoption of a shared parenting agreement." She further requested that her parenting time be significantly increased and averred that a modification would be in the children's best interest because she was unemployed, and therefore, would be able to care for the children on a daily basis.

{¶ 10} Mansbery opposed Bach's motion and moved to dismiss it, claiming that Bach failed to meet the requisite standard under R.C. 3109.04(E)(1)(a), namely, that there had been a change in the children's circumstances or his as the children's residential parent. In her brief opposing Mansbery's motion to dismiss, Bach disagreed, asserting that there had been a change in the children's circumstances because her move to Ohio would provide the children with greater access to her; she would have more involvement in their education and would be available to care for them when Mansbery could not.

{¶ 11} In October 2010, the parties entered into an agreed interim visitation schedule where Bach had increased visitation with the children during the pendency of her motion before the court.

{¶ 12} A magistrate issued a decision on Bach's motion to modify parental rights and responsibilities in December 2010, recommending that it be dismissed. The magistrate found that all of Bach's stated reasons for a change in circumstances "were

brought about by her decision to move from California to [Ohio]"; they were "not in the children's and not in the plaintiff's." The magistrate stated, "there is no question that the defendant's sole basis for seeking a modification of parental rights and responsibilities is the change in her circumstances, not a change in either the circumstances of the children or the plaintiff who is the residential parent and legal custodian of these children." The magistrate concluded that Bach's stated reasons "do not meet the criteria the Legislature mandated in Section 3109.04(E)(1)(a) as a condition precedent to modifying the present custodial scheme."

{¶ 13} As for the magistrate's previous observance that if Bach moved closer to the children, it "should constitute a change in circumstances that would weigh heavily toward the adoption of a shared parenting agreement," the magistrate found that the language was "extraneous to the specific issue that was before the court at the time and, therefore, not entitled to any weight whatsoever."

{¶ 14} Overruling Bach's objections to the magistrate's decision, the trial court adopted the magistrate's decision in its entirety, and granted Mansbery's motion to dismiss. It is from this judgment that Bach appeals.

### R.C. 3109.04(E)(1)(a)

{¶ 15} In her first assignment of error, Bach argues that the trial court erred when it adopted the magistrate's decision recommending that it dismiss Bach's motion to modify parental rights and responsibilities. The magistrate relied upon R.C.

3109.04(E)(1)(a) to recommend dismissing Bach's motion, finding that Bach's relocation to Ohio was merely a change in her circumstances and not a change in the children's or Mansbery's circumstances. This statute provides:

{¶ 16} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

{¶ 17} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

{¶ 18} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

{¶ 19} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

{¶ 20} A change in circumstances is a threshold requirement intended to provide some stability to the custodial status of the child. See *In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467. To warrant an inquiry into whether the best interest of a child would be served by a change of parental rights and responsibilities, the court need not find that a "substantial change has occurred," but the "change must be a change of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159.

{¶ 21} "The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a 'better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment." Id., quoting *Wyss v. Wyss* (1982), 3 Ohio App.3d 412, 416, 445 N.E.2d 1153.

### Standard of Review

{¶ 22} "[I]n determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change." Id. at 416-417. Accordingly, the trial court's determination on such issue should not be disturbed, absent an abuse of discretion. Id.

"Agreement"

{¶ 23} Bach first argues that the trial court erred when it adopted the magistrate's decision because "the parties entered into an Agreed Judgment Entry of Divorce which contained an express provision that [Bach's] relocation to Ohio should constitute a change in circumstances that would weigh heavily towards the adoption of a shared parenting arrangement." She maintains that "the parties' agreement as memorialized in the Agreed Judgment Entry of Divorce controls the issue[,]" not R.C. 3109.04(E)(1)(a) because "under Ohio law, it is established that when parties make mutual promises which are integrated into an unambiguous written contract, courts will give effect to the parties' express intentions."

{¶ 24} We disagree. Although the parties' divorce decree is titled "Agreed Judgment Entry of Divorce," this court cannot determine what, after a seven-day, highly contested trial, if anything, the parties agreed to. And even if there was some provision the parties agreed to — that we cannot determine from the record — the trial court still made clear in the "Agreed Judgment Entry of Divorce" that the magistrate's decision was incorporated into the agreed judgment entry "as the court's own findings."

{¶ 25} Further, the magistrate's finding that Bach relies upon so heavily here (that if she "chooses to reside near the children, this should constitute a change in circumstances that would weigh heavily towards the adoption of a shared parenting arrangement") was just that — a finding. Although the trial court adopted the

magistrate's decision in its entirety, it did not order, adjudge, or decree the relocation provision into the court's order. And for good reason — it would have erred if it had done so (as we discuss in the following section).

{¶ 26} Therefore, we must determine under R.C. 3109.04(E)(1)(a) if the trial court abused its discretion when it dismissed Bach's motion to modify parental rights and responsibilities after finding that Bach's relocation to Ohio was merely a change in her circumstances and not a change in the children's or Mansbery's circumstances.

Analysis

{¶ 27} In support of its decision dismissing Bach's motion, the trial court relied on a Second District case, *Buckingham v. Buckingham*, 2d Dist. No. 1626, 2004-Ohio-1942. In *Buckingham*, like the instant case, the father had been named the child's residential parent. The father lived in Ohio and the mother lived in Arizona. When the mother moved to Ohio, she filed a motion to modify visitation, but later amended it to a motion for "increased companionship time." Id. at ¶8. The trial court modified the father's primary parental rights and responsibilities to a shared parenting plan, with equal parenting time to the mother and father, finding that it was in the child's best interest.

{¶ 28} The Second District reversed, finding that the trial court erred in doing so. The appellate court explained that in modifying parental rights and responsibilities, the trial court needed to first determine if there had been a "change of substance" in the circumstances of the child or the residential parent. Id. at ¶19. Since the "only

change" at issue was the mother's move from Arizona to Ohio, the threshold determination had not been met.   Id. at ¶20.   The Second District noted that "the [trial] court did not make a finding that either [the child's] or [the father's] circumstances had changed," and explained that the mother's move was "not a pertinent [change] in circumstance for purposes of R.C. 3109.04(E)(1)."   Id. at ¶19, 21.

{¶ 29} This court agrees with the Second District's decision in *Buckingham*. Thus, we also agree with the trial court that Bach's move to Ohio was a change in her circumstances, not a change in the children's or Mansbery's.   Accordingly, the trial court did not abuse its discretion when it dismissed Bach's motion to modify parental rights and responsibilities.

{¶ 30}  Bach's first assignment of error is overruled.

Evidentiary Hearing

{¶ 31} In her second assignment of error, Bach maintains the trial court erred by dismissing her motion without a hearing.   We disagree.

{¶ 32} R.C.  3109.04(A) provides that "in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents *** the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage."   Thus, this statute clearly indicates that the trial court will hold an evidentiary hearing on the matter.

**{¶ 33}** Nonetheless, we conclude that an evidentiary hearing was not required in this case. As the Fourth District explained in *In re Schwendeman*, 4th Dist. No. 06CA33, 2007-Ohio-815, ¶26:

**{¶ 34}** "The trial court need not hold a hearing every time a parent moves for modification of custody. Where the motion does not include allegations that meet the threshold legal requirements that permit the court to consider the modification, the allocation of parental rights and responsibilities is not truly 'contested,' and the hearing requirement *** is not triggered. See, e.g., *Wysong v. Wysong*, 12th Dist. No. CA2001-06-011, 2002-Ohio-562 ('Because appellant failed to allege a change of circumstances which would permit a modification of parental rights and responsibilities under R.C. 3109.04, we find that the trial court did not abuse its discretion by finding no change of circumstances and denying an evidentiary hearing on the matter.'); see also *Bebout v. Vittling* (Nov. 19, 2000), 5th Dist. No. 2001 CA00169 (finding no abuse of discretion in denying an evidentiary hearing when trial court found that the movant's allegations were similar to those litigated during the previous custody hearings)."

**{¶ 35}** Accordingly, we find no error on the part of the trial court for not holding an evidentiary hearing since Bach did not meet the threshold requirement of change in circumstances.

**{¶ 36}** Bach's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C.   GALLAGHER, J., and
EILEEN A.   GALLAGHER, J., CONCUR