[Cite as *Kalbaugh v. Kalbaugh*, 2020-Ohio-3873.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DEBORAH L. KALBAUGH

    Appellee

    v.

WILLIAM H. KALBAUGH

    Appellant

C.A. Nos.   29184
               29185
               29219
               29328

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    1994-10-2283

DECISION AND JOURNAL ENTRY

Dated: July 29, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellant, William H. Kalbaugh, appeals various orders related to the division of his pension benefits.

I.

{¶2} Mr. Kalbaugh ("Husband") and Deborah Kalbaugh ("Wife") divorced in 1995. Their divorce decree addressed the division of Husband's pension as follows:

[Husband] has a pension plan with the Police and Fireman's Disability and Pension Fund of Ohio with a value of [$68,496.38]. [Wife] has a Social Security Old Age Benefit Plan with a value of [$10,798.31]. The parties agree to offset the [Wife's] Social Security Old Age Benefit Plan from the [Husband's] Police and Fireman's Disability and Pension Fund of Ohio to obtain a value of [$57,698.07] which is subject to equitable distribution between the parties. [Husband] also has a Defined Contribution Plan, the value of which is subject to equitable distribution between the parties in the amount of [$10,041.84]. These plans shall be divided equally between the [Wife] and [Husband], by Qualified Domestic Relations Orders. The parties agree to divide equally the costs of hiring an outside firm to prepare the Qualified Domestic Relations Orders.

On August 26, 1996, in apparent compliance with this language in the divorce decree requiring the preparation of Qualified Domestic Relations Orders ("QDROs"), Wife's attorney submitted, and the trial court entered, two orders. The first was a QDRO that governed the division of Husband's deferred compensation account, and that order allocated $5,020.92 to Wife, payable in the future upon Husband's distribution of his benefit. The second order ("the 1996 Pension Order") addressed Husband's Ohio Police and Fire ("OPF") pension.[1] Recognizing that a public pension could not be divided by means of a Qualified Domestic Relations Order ("QDRO") or equivalent at that time, the order provided:

> [I]n the event that [Husband's] retirement benefits become subject to direct assignment via a [QDRO] (or the equivalent thereof) at a future date, the parties hereby agree to submit to the administrator of the Pension Fund, a [QDRO], as set forth in Attachment "A", which is incorporated herein by reference and made a part of this Order, in order to effectuate the direct distribution of a portion of [Husband's] retirement benefits under the Pension Fund to [Wife].[2]

(Emphasis omitted.) Although it recognized that Ohio public pension benefits could not be assigned by a QDRO at the time, the 1996 Pension Order set forth information related to the division of Husband's pension that functioned as a precursor to the QDRO anticipated therein.[3] The order provided that Wife would receive fifty percent of the marital portion of Husband's pension, as determined using a coverture fraction, and explained that Wife's payments would reflect a pro rata share of any post-retirement cost of living adjustments. Although the 1996 Pension Order refers to "the original intent of the parties as stipulated herein[,]" the order did not,

---

[1] OPF was previously known as Police and Fireman's Disability and Pension Fund of Ohio. Throughout this opinion, we refer to it as OPF in the interest of clarity.

[2] The document referred to as "Attachment 'A'" does not appear in the record.

[3] In a filing dated November 30, 2015, Wife would later refer to the 1996 Pension Order as an "attempt[] * * * to impose [a] QDRO[] on state pension plans" and "the original QDRO." In the same filing, Wife would characterize the trial court's action as going "so far as to enter a QDRO against OPF in 1996."

in fact, represent joint stipulations: it was signed by Wife's attorney, but notes that it was "[s]een, but not approved[]" by Husband's attorney.

{¶3} Almost eighteen years later, on April 1, 2014, the trial court journalized another QDRO relating to Husband's deferred compensation plan. That QDRO "assign[ed] to [Wife] $33,869.95 of [Husband's] Total Account Balance accumulated under the Plan as of November 16, 1995, plus any interest and investment earnings or losses attributable thereon subsequent to the date of acknowledged receipt of this order by OPEDCP, until the date of total distribution." A copy of this order bearing a notation indicating that it was paid was docketed on April 29, 2014.

{¶4} On June 15, 2015, Wife moved to enforce the divorce decree with respect to Husband's pension. In her motion, Wife noted the 1996 Pension Order and stated that "OPF will not recognize it as a proper method to allocate the parties' interest * * * because it is not the official Division of Property (DOPO) required under Ohio Revised Code §3105.82." Husband opposed the motion by filing a motion to dismiss it, maintaining that Wife had received everything to which she was entitled by the terms of the divorce decree when she received $33,869.95 from his deferred compensation account. According to Husband, under the terms of the divorce decree, "[Wife] was to receive a sum certain and she received that sum, no more and no less." On January 19, 2016, the trial court adopted a magistrate's decision, denied Husband's motion to dismiss and ordered the parties to prepare and submit a division of property order ("DOPO"). In so doing, the trial court concluded that "[p]ursuant to the Final Decree and the August 26, 1996, Entry, [Wife] is entitled to 50% of the marital portion of [Husband's] accrued benefit under the OPF as of [Husband's] commencement date." Husband filed objections, noting particularly that the divorce decree did not provide that Wife was entitled to fifty percent of each of his pension and deferred compensation plans, but that she was entitled to a certain sum and, pursuant to the earlier QDRO,

that sum had been paid. Consequently, Husband maintained, the trial court's order would result in Wife receiving significantly more than provided by the divorce decree.

{¶5} The trial court overruled Husband's objections, concluding, in pertinent part:

2. Pursuant to the parties' decree, [Husband's] OPF was to be equally divided by a Qualified Domestic Relations Order (QDRO) after offsetting [Wife's] Social Security Contribution as determined by Pension Evaluators.

3. Further, the decree provided that [Husband's] Ohio Deferred Compensation Plan was to be equally divided by a QDRO.

4. The OPF fund cannot be divided by a QDRO, and was therefore never divided as ordered in the parties' decree.

5. The proper method to allocate the parties' interest in the fund is through a Division of Property Order (DOPO), as required under ORC § 3105.82.

6. On April 1, 2014, [Husband's] Ohio Deferred Compensation Plan was divided.

7. Plaintiff has received her share of [Husband's] Ohio Deferred Compensation Plan.

8. Plaintiff is entitled to 50% of the marital portion of the [Husband's] accrued benefit under the OPF as of the [Husband's] commencement date.

Husband appealed the trial court's decision, arguing that the trial court erred because its ruling was based on the 1996 Pension Order, which was void because it impermissibly modified the terms of the property division. *Kalbaugh v. Kalbaugh*, 9th Dist. Summit No. 28282, 2017-Ohio-4272, ¶ 4 ("*Kalbaugh* I"). This Court affirmed without addressing the merits of husband's argument, concluding that the 1996 Pension Order was voidable, not void, and consequently, that Husband should have made his arguments in a timely appeal from that order. *Id*. at ¶ 10, 12.

{¶6} After this Court's decision was released, Husband moved the trial court for a full evidentiary hearing on a proposed DOPO. In his motion, Husband noted that Wife's proposed DOPO referenced not only the division of his pension, but also the division of funds contained in his Deferred Retirement Option Plan account ("DROP"). The trial court denied Husband's motion

and, on September 25, 2018, the trial court journalized a DOPO that was submitted and approved by Wife's attorney. The DOPO did, in fact, provide that Wife was eligible to receive a portion of Husband's age and service retirement benefit and his DROP. Husband's attorney noted that the DOPO was "[r]ejected" because "[t]he DOPO is contrary to the terms of the Decree of Divorce." Husband appealed the September 25, 2018, DOPO in C.A. No. 29184 and the trial court's order denying an evidentiary hearing in C.A. No. 29185.

{¶7} On October 17, 2018, while those appeals were pending, OPF filed a notice in the trial court that it had rejected the September 25, 2018, DOPO because the section entitled "Method of Payment—Percentage" had not been completed. One week later, the trial court entered a second DOPO, which also provided that Wife was entitled to receive a portion of Husband's age and service retirement and his DROP. Again, Husband's attorney noted that the DOPO was rejected as far as Husband was concerned because it was inconsistent with the divorce decree. Husband appealed the second DOPO in C.A. No. 29219.

{¶8} On February 18, 2019, Husband filed instructions for service of the 1996 Pension Order and, ten days later, his attorney filed an affidavit from a representative of the Clerk of Courts averring that service of the 1996 Pension Order in compliance with Civ.R. 58 had never been accomplished. Once the clerk's office served the 1996 Pension Order, Husband appealed in C.A. No. 29328.[4] This Court consolidated C.A. Nos. 29184, 29185, and 29219 for purposes of briefing. On November 19, 2019, the parties jointly moved this Court to remand this matter to the trial court so that an evidentiary hearing could be conducted regarding the language in the divorce decree and the 1996 Pension Order, noting that "evidence [was] necessary, the opportunity for which was

---

[4] Noting that the same problem attached to service of the divorce decree, Wife filed, and then voluntarily dismissed, an appeal from the decree as well.

foreclosed by the trial court's denial of an evidentiary hearing (the primary subject of C.A. 29185)." This Court denied the motion, and all four appeals were submitted together for disposition.

## II.

### C.A. Nos. 29184, 29185, and 29219

{¶9}   In C.A. No. 29184, Husband appealed the DOPO entered by the trial court on September 25, 2018, and in C.A. No. 29185, Husband appealed the trial court's order that denied his motion for an evidentiary hearing in connection with that DOPO.  In C.A. No. 29219, Husband appealed the DOPO entered by the trial court on October 25, 2018.  Husband has assigned five errors in these consolidated appeals.  His assignments of error are rearranged for purposes of disposition.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN ENTERING AN AMENDED DIVISION OF PROPERTY ORDER ON OCTOBER 25, 2018 AFTER APPELLANT HAD FILED AND PERFECTED AN APPEAL OF THE ORIGINAL DIVISION OF PROPERTY ORDER THAT THE COURT ISSUED ON SEPTEMBER 25, 2018 BECAUSE APPELLANT'S NOTICE OF APPEAL DEPRIVED THE TRIAL COURT OF JURISDICTION TO AMEND THE ORIGINAL DIVISION OF PROPERTY ORDER, RENDERING THE AMENDED ORDER VOID *AB INITIO*.

{¶10}   In his third assignment of error, Husband argues that the October 25, 1998, DOPO is void because the trial court lacked jurisdiction to enter it while his previous appeal was pending. This Court agrees.

{¶11}   Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal.  *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, at ¶ 9, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97.  On the other hand, a trial court "retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction

to reverse, modify, or affirm the judgment appealed from." *In re S.J.* at ¶ 9. This Court has characterized such issues as "collateral," noting that examples include orders in aid of execution and contempt. *Pietrangelo v. Avon Lake*, 9th Dist. Lorain Nos. 15CA010804, 15CA010873, 2016-Ohio-8201, ¶ 17, citing *Special Prosecutors* at 97. When a trial court acts beyond its jurisdiction while an appeal is pending, its order is void. *Ormandy v. Dudzinski*, 9th Dist. Lorain No. 09CA009713, 2010-Ohio-2017, ¶ 11. This Court has the inherent authority to vacate a void order entered under these circumstances. *Trogdon v. Arch Abraham Nissan*, 9th Dist. Lorain No. 13CA010446, 2015-Ohio-1256, ¶ 6, quoting *Hairline Clinic, Inc. v. Riggs-Fejes*, 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 7.

{¶12} The Supreme Court of Ohio applied these principles to facts similar to those in this case in *State ex rel. Sullivan v. Ramsey*, 124 Ohio St.3d 355, 2010-Ohio-252. In that case, the husband appealed from a QDRO but, while the appeal was pending, the trial court entered an amended QDRO that differed from the original in several respects. *Id*. at ¶ 10-11. The husband filed a complaint for a writ of prohibition, arguing that the trial court lacked jurisdiction to enter the amended QDRO while the appeal was pending. *Id*. at ¶ 12. The court of appeals issued the requested writ, and the respondent-judge appealed. *Id*. at ¶ 13. The Supreme Court noted that under certain circumstances, a trial court retains jurisdiction to issue a QDRO while an appeal from a divorce decree is pending. *Id*. at ¶ 19. Nonetheless, the Supreme Court held that once *the original QDRO* was appealed, the trial court lacked jurisdiction to modify it. *Id*. at ¶ 20, 25.

{¶13} The parties do not dispute that *Sullivan* appears to control this case on its face. Wife, however, maintains that because OPF rejected the September 25, 2018, DOPO, it became moot and, therefore, not appealable. Consequently, she argues, the trial court could continue to exercise jurisdiction regardless of a pending appeal. This Court does not agree. Wife's argument

conflates this Court's application of the mootness doctrine with our appellate jurisdiction. Regardless, however, it is well-established that "the determination as to the appropriateness of an appeal lies solely with the appellate court" and as a result, a trial court "has no authority to determine the validity or merit of an appeal." *In re S.J.* at ¶ 10.

{¶14} The October 25, 2018, DOPO was similar to the DOPO that Husband appealed in C.A. No. 29184, but the latter contained additional information related to the calculation of payments to Wife, the alternate payee. Consistent with *Sullivan*, the trial court lacked jurisdiction to enter an amended DOPO while Husband's appeal from the September 25, 2018, DOPO was pending in this Court. The October 25, 2018, DOPO is therefore void and must be vacated.

{¶15} Husband's third assignment of error is sustained.

### ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ENTERING AN AMENDED DIVISION OF PROPERTY ORDER ON OCTOBER 25, 2018 WITHOUT GIVING APPELLANT PRIOR NOTICE THEREOF AND AN OPPORTUNITY TO BE HEARD, IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS.

### ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ITS OCTOBER 25, 2018 APPROVAL OF AN AMENDED DIVISION OF PROPERTY ORDER THAT WAS INCONGRUOUS WITH THE TERMS AND CONDITIONS OF THE PARTIES' DECREE OF DIVORCE.

{¶16} Husband's fourth and fifth assignments of error challenge the October 25, 2018, DOPO on substantive grounds. In light of this Court's resolution of Husband's third assignment of error, these assignments of error are moot. *See* App.R. 12(A)(1)(c).

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR AN EVIDENTIARY HEARING BEFORE ENTERING A DIVISION OF PROPERTY ORDER, DENYING APPELLANT

THE OPPORTUNITY TO PRESENT HIS CASE THAT THE DIVISION OF PROPERTY ORDER WAS OUT OF SQUARE WITH THE TERMS AND CONDITIONS OF THE PARTIES' DECREE OF DIVORCE, VIOLATING APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS.

{¶17} In his second assignment of error, Husband has argued that the trial court abused its discretion by denying his motion for an evidentiary hearing before entering the September 25, 2018, DOPO.

{¶18} Wife has raised two threshold issues that must be addressed by this Court before we reach the merits of this assignment of error. First, in her appellate brief, Wife has argued that because Husband appealed the denial of his motion for an evidentiary hearing separately in C.A. No. 29185, that appeal must be dismissed because an order that denies an evidentiary hearing is not a final appealable order. This Court agrees. As relevant to this appeal, R.C. 2505.02(B)(2) provides that an order is final when it "affects a substantial right made in a special proceeding[.]" A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Divorce is a special proceeding. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994). Even assuming that the denial of an evidentiary hearing implicated a substantial right, as defined by R.C. 2505.02(A)(2), that substantial right was not *affected* because relief was not foreclosed to Husband if it was not immediately appealable. *See Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, ¶ 7. Accordingly, Husband's appeal from the trial court's order that denied his motion for an evidentiary hearing is not taken from a final appealable order, and C.A. No. 29185 must be dismissed.

{¶19} That is not to say, however, that Husband's second assignment of error must also be disregarded by this Court. The trial court's order that denied the evidentiary hearing was an interlocutory order that merged into the final order that Husband also appealed—the September

25, 2018, DOPO. As such, Husband's second assignment of error is properly before this Court in the context of C.A. 29184. In that respect, however, Wife has argued that this Court must dismiss C.A. 29184 because OPF's rejection of the September 25, 2018, DOPO rendered that appeal moot. We do not agree.

{¶20} The mootness doctrine prevents courts from deciding cases in which no controversy remains. *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, ¶ 37. Consequently, this Court can only "'decide actual controversies by a judgment which can be carried into effect'" and cannot "'give opinions upon moot questions or abstract propositions, or * * * declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Miner v. Witt*, 82 Ohio St. 237, 238 (1910), quoting *Mills v. Green*, 159 U.S. 651, 633 (1895). This determination focuses on the relief that the appellant seeks from the Court and whether the subject matter of the case remains subject to the Court's control. *See*, *e.g., Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 9th Dist. Summit No. 25375, 2011-Ohio-3277, ¶ 22-29.

{¶21} In order for payments to Wife from payout of Husband's OPF pension and DROP to commence, OPF must accept a DOPO. Nonetheless, a DOPO remains an order of the trial court, and a DOPO can be reviewed on appeal when a party alleges that it modified the terms of a divorce decree. *See Miller v. Miller*, 9th Dist. Medina No. 07CA0068-M, 2008-Ohio-2106, ¶ 15. *See also Cameron v. Cameron*, 10th Dist. Franklin No. 12AP-349, 2012-Ohio-6258, ¶ 13 (noting that without an express reservation of jurisdiction or consent of the parties, a trial court cannot enter a DOPO that is inconsistent with the division of property set forth in the decree). This Court's ability to consider the merits of Husband's appeal from the September 25, 2018, DOPO is independent from the issue of whether that DOPO has been rejected or accepted by OPF.

{¶22} The parties also suggest that the September 25, 2018, DOPO (and, consequently, C.A. No. 29184) is moot because the trial court subsequently entered an amended DOPO on October 25, 2018. As noted above, however, the trial court did not have jurisdiction to enter the amended DOPO, and it was void ab initio. Accordingly, neither the September 25, 2018, DOPO nor Husband's appeal in C.A. No. 29184 are moot, and this Court can proceed to consider the merits of Husband's second assignment of error.

{¶23} In support of his second assignment of error, Husband has argued that the trial court's decision to deny his motion for an evidentiary hearing violated his right to due process. We agree that the trial court erred, but on non-constitutional grounds. Accordingly, we need not reach his due process argument.

{¶24} Under Civ.R. 7(B)(2), a trial court may permit the determination of motions without an oral hearing by local rule. The Local Rules of the Summit County Court of Common Pleas, Domestic Relations Division, however, contemplate that a hearing will be conducted on most post-decree motions, with the exception of those that are of a routine nature. *See*, *e.g.*, Loc.R. 2.08(C) of the Summit County Court of Common Pleas, Domestic Relations Division. In certain circumstances, the Local Rules provide specifically that an evidentiary hearing may be necessary. *See*, *e.g.*, Loc.R. 9.02(B), 14.03(D), 16.02(B)(2)/(C). In general, the decision to conduct an evidentiary hearing is a matter within the discretion of the trial court. *See*, *.e.g.*, *Saha v. Saha*, 5th Dist. Stark Nos. 2018 CA 00148 and 2019 CA 00010, 2019-Ohio-4496, ¶ 29; *Mansbery v. Bach*, 8th Dist. Cuyahoga No. 96471, 2011-Ohio-6627, ¶ 31-35; *In re Schwendeman*, 4th Dist. Washington No. 06CA33, 2007-Ohio-815, ¶ 26; *Chubb v. Chubb*, 10th Dist. Franklin No. 86AP-997, 1987 WL 16800, *2 (Sept. 10, 1987).

{¶25} Based on the unique facts and procedural history of this case, as recited above, we conclude that the trial court abused its discretion by denying Husband's motion for an evidentiary hearing before issuing a DOPO. This is particularly true given the ultimate inclusion of Husband's DROP in the DOPO that issued and the parties' obvious ongoing disagreement about the import of the language of the divorce decree when applied to their current circumstances. The parties themselves acknowledged in their joint motion to remand this case for a hearing that "[m]anifestly, in order to determine the rights and obligations of the parties respecting the Decree, evidence is necessary, the opportunity for which was foreclosed by the trial court's denial of an evidentiary hearing (the primary subject of C.A. 29185)."

{¶26} The trial court abused its discretion by denying Husband's motion for an evidentiary hearing. His second assignment of error is sustained.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ITS SEPTEMBER 25, 2018 APPROVAL OF A DIVISION OF PROPERTY ORDER THAT WAS INCONGRUOUS WITH THE TERMS AND CONDITIONS OF THE PARTIES' DECREE OF DIVORCE.

{¶27} Husband's first assignment of error is that the trial court abused its discretion by entering the September 25, 2018, DOPO when the substance of that order was inconsistent with the divorce decree. Because this Court has concluded that the trial court erred by denying Husband's motion for an evidentiary hearing before entering the September 25, 2018, DOPO, Husband's first assignment of error is moot. *See* App.R. 12(A)(1)(c).

### C.A. No. 29328

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND COMMITTED PLAIN ERROR BY EXCEEDING ITS JURISDICTION WITH THE FILING OF A "JUDGMENT ENTRY (POLICE AND FIREMEN'S DISABILITY AND PENSION FUND)"

THAT MATERIALLY MODIFIED AND WAS INCONSISTENT WITH THE PARTIES' UNAMBIGUOUS AGREEMENT AS REFLECTED IN THEIR ATTEST[AT]IONS IN OPEN COURT AND THE RESULTING DECREE OF DIVORCE.

**{¶28}** In his sole assignment of error arising from C.A. No. 29328, Husband has argued that the trial court abused its discretion by entering the 1996 Pension Order because it is contrary to the parties' intentions, as expressed in the divorce decree.

**{¶29}** In *Kalbaugh I*, this Court concluded that instead of appealing the trial court's January 19, 2016, entry that ordered the preparation of a DOPO and the subsequent order that overruled Husband's objections to that order, Husband should have appealed the 1996 Pension Order. In reaching this conclusion, it was not apparent to this Court that neither the 1996 Pension Order nor the divorce decree had been served upon the parties in compliance with Civ.R. 58(B). This Court did not have the benefit of reviewing the DOPO that was ultimately prepared without an evidentiary hearing in the trial court, nor could we anticipate the procedural tangle that would follow once the case continued in the trial court. Finally, the nature of the 1996 Pension Order was not immediately apparent at that time. With the benefit of a more fully developed record, it is now apparent to this Court that the 1996 Pension Order was in the nature of a preliminary QDRO, as the parties acknowledge, and that it had no effect because the law in Ohio did not permit assignment of public pension benefits by means of a DOPO until 2002.

**{¶30}** This Court has concluded that the trial court abused its discretion by denying Husband's motion for an evidentiary hearing before entering a DOPO. In light of that result, this Court also concludes that the arguments that Husband has made in support of his assignment of error in C.A. 29328 would be more appropriately raised during the evidentiary hearing and ultimately in an appeal, if any, from the trial court's decision upon the remand of C.A. 29184. For

this reason, and given the nature of the 1996 Pension Order that is now apparent from the fully developed record, we conclude that Husband's assignment of error in C.A. No. 29328 is premature.

### III.

{¶31} The trial court did not have jurisdiction to enter the October 25, 2018, DOPO. Consequently, Husband's third assignment of error in the consolidated appeals is sustained, and the judgment in C.A. No. 29219 is vacated. His fourth and fifth assignments of error in the consolidated appeals are moot. Husband's appeal in C.A. 29185 is dismissed because the order that he attempted to appeal is not a final appealable order. Husband's second assignment of error in the consolidated appeals is sustained, and this matter is remanded for an evidentiary hearing. Husband's first assignment of error in the consolidated appeals is moot. His assignment of error in C.A. No. 29328 is premature.

Judgment reversed in part,
vacated in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

J. ANTHONY TERILLA, Attorney at Law, for Appellant.

MELISSA GRAHAM-HURD, Attorney at Law, for Appellee.